Will S. Skinner (SBN 206031)
  *skinner@deforestlawfirm.com*
Anntim J. Vulchev (SBN 232166)
  *vulchev@deforestlawfirm.com*
DEFOREST KOSCELNIK YOKITIS
SKINNER & BERARDINELLI
6303 Owensmouth Avenue, 10th Floor
Woodland Hills, CA 91367
Telephone: (818) 936-3395
Facsimile: (818) 936-3091

Attorneys for Defendant
CONTINENTAL MOTORS, INC. (f/k/a Teledyne
Continental Motors, Inc.)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRIS ELLIOT HIGLEY, MOLLY LAUREN HIGLEY,<br><br>Plaintiffs,<br><br>v.<br><br>CESSNA AIRCRAFT COMPANY; TELEDYNE CONTINENTAL MOTORS, INC.; TELEDYNE TECHNOLOGIES, INC.; and DOES 1 through 200, Inclusive,<br><br>Defendants. | Case No.: CV10-3345 GHK (FMOx)<br><br>**LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT CMI'S FED. R. CIV. P. 37 MOTION TO STRIKE PLAINTIFFS' EXPERT JAN ROUGHAN FOR FAILING TO DISCLOSE PRIOR TESTIMONY AS REQUIRED BY FED. R. CIV. P. 26(a)(2)(B)(v)**<br><br>Date: December 14, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom F—9TH FLOOR<br><br>Expert Discovery Cut-Off: 02/15/12<br>Pre-Trial Conference: None Set<br>Trial Date: None Set<br>Mag. Judge: Hon. Fernando M. Olguin<br><br>*[Declaration of Will S. Skinner filed concurrently]* |

Pursuant to Local Rule 37-2.3, Defendant Continental Motors, Inc. ("CMI") submits this supplemental memorandum in support of its motion (made in the Joint Stipulation filed on November 23, 2011) to strike plaintiffs' expert Jan Roughan.

## I. INTRODUCTION

After no less than three case lists—two of which were submitted only after CMI expended thousands of dollars researching case records, contacting lawyers, and preparing a joint stipulation to strike her testimony—plaintiffs' life care expert Jan Roughan still cannot comply with FRCP 26(a)(2)(B)(v)'s requirement that she provide a complete list of all deposition and trial testimony from the prior four years. At her second deposition on November 30, 2011 (specifically taken to address her incomplete and inadequate case list), Ms. Roughan conceded that she cannot confirm that the third case list she provided on November 29, 2011 is in fact complete. Ms. Roughan is a seasoned expert witness having testified in well over a hundred depositions and many trials. However, incredibly she maintains no records whatsoever that would allow her to comply with FRCP 26's disclosure requirement. To provide a supplemental case list, she relied on her memory and the memory of her employees, as well as the assuredly incomplete list CMI's counsel compiled from Westlaw in order to strike her (the "CMI list"). In fact, her supplemental case lists confirm that for 2007-2010, *all* of the new cases she disclosed were from the CMI list. This is unacceptable and not what the federal rules require. Accordingly, the Court should grant CMI's motion, pursuant to FRCP 37(c)(1), to strike Jan Roughan's testimony in this case because she cannot comply with FRCP 26's disclosure requirements.

## II. FACTS

As recounted in the Joint Stipulation, CMI first brought up Ms. Roughan's failure to keep a complete case list at the time of her first deposition on September 16, 2011. After the deposition, plaintiffs and Ms. Roughan did nothing to supplement her inadequate case list. On October 26, 2011, CMI's counsel sent a letter to plaintiffs' counsel requesting a pre-filing conference regarding Ms. Roughan's inadequate case list. Plaintiffs' counsel ignored this letter, and because of this failure to respond, on November 8, 2011, CMI served its portion of the Joint

Stipulation as required by the Local Rules. Then plaintiffs' counsel responded with a second case list for Ms. Roughan that was submitted with the Joint Stipulation.

On November 18, 2011 CMI's offered to refrain from filing the motion to strike if, in addition to producing Ms. Roughan for a second deposition, plaintiffs' counsel would reimburse CMI for half the fees it incurred in preparing the Joint Stipulation. Plaintiffs' counsel refused to pay any fees. *Declaration of Will S. Skinner* ("*Skinner Decl.*"), ¶ 5, **Exhibit 1**.

On November 23, 2011 CMI counsel sent a further letter to plaintiffs' counsel advising them that Ms. Roughan's second case list was still insufficient because it failed to provide the level of detail required by the federal rules. *Skinner Decl.*, ¶ 6, **Ex. 2**. It was this letter the prompted Ms. Roughan to provide a third case list on November 29, prior to her November 30 deposition. *Id.*, ¶ 7, **Ex. 3**.

The new case lists contain, for 2011 only, several cases that were not found by CMI on Westlaw. However, for 2007-2010, every single case that was newly disclosed in the new case lists was from the CMI list.

Then, on November 30, at the time of her second deposition, Ms. Roughan confirmed that: **1)** she supplemented her case list by relying only on her memory, that of her staff, and the CMI list, *Id.*, ¶ 8, **Ex. 4** (enclosing the transcript of the Nov. 30 deposition in full), pg. 132, ln. 1- pg. 133, ln. 1; pg. 138, ln. 24- pg. 139, ln. 10; **2)** she has absolutely no way of knowing whether the new case lists are complete, *Id.*, ¶ 8, **Ex. 4,** pg. 135, ln. 5- ln. 8; pg. 135, lns. 21-25; pg. 136, lns. 1-22; pg. 137, lns. 4- 14; pg. 137, ln. 22-pg. 138, ln. 6; pg. 139, ln. 11-pg. 140, ln. 16; and **3)** there are likely cases that she has forgotten to include altogether in the new case lists, *Id.*, ¶ 8, **Ex. 4,** pg. 142, ln. 19- pg. 145, ln. 10; pg. 149, ln. 23- pg. 150, ln. 17.

### III.  LEGAL ARGUMENT

**A.  Jan Roughan Must be Stricken as an Expert.**

FRCP 26(a)(2)(B)(v) requires that a retained expert provide a report that contains "a list of all other cases in which, during the previous 4 years, the witness

testified as an expert at trial or by deposition." Where the information is not disclosed as required, unless the failure is "harmless" or "substantially justified," FRCP 37(c)(1) mandates that the expert witness be stricken, and authorizes the court to impose additional monetary sanctions upon the non-complying party.

Disclosures under FRCP 26(a)(2)(B) are necessary to allow the opposing party "a reasonable opportunity to prepare for effective cross examination." *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002). "The obvious purpose of providing lists of prior cases is to enable opposing counsel to obtain prior testimony of the expert." *Coleman v. Dydule*, 190 F.R.D. 316, 318 (W.D.N.Y. 1999). The list of cases required by FRCP 26 must "at a minimum include the name of the court or administrative agency where the expert previously testified, the names of the parties, the case number, and whether the testimony was provided at deposition or trial." *Dydule*, 190 F.R.D. at 318; *see also Baca v. Depot Sales, LLC.*, 2007 WL 951163, *1 (D. Colo. 2007), *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 682 (D. Kan.1995). Ms. Roughan failed to do this in her first two case lists, and did so only in response to continued action by CMI.

District courts have confirmed that "FRCP 37 (c) authorizes exclusion of expert testimony in the event of a party's failure to follow the disclosure requirements of FRCP 26 (a)(2)(B), unless there is substantial justification of the failure to disclose or the failure is harmless." *Fyfe v. Baker*, 2007 WL 1866882, at * 1 (D.Vt. 2007); see also *Torres v. City of Los Angeles*, 548 F.3d 1197, 1213 (9th Cir. 2008) (the party submitting the non-complying report must demonstrate that the failure was "substantially justified" or "harmless"). "The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure." *Nguyen*, 162 F.R.D. at 680.

As cited in the Joint Stipulation, federal district courts have also repeatedly found that incomplete lists of prior testimony, such as the ones submitted by Ms. Roughan, are neither "harmless" nor "substantially justified." *Nguyen*, 162 F.R.D.

at 682; *Norris v. Murphy*, 2003 WL 21488640, at * 4 (D. Mass. 2003); *Palmer v. Rhodes Machinery,* 187 F.R.D. 653, 656-57 (N.D. Okla. 1999); *Bethel v. U.S., ex rel. Veterans Administrative*, 2007 WL 1732791 (D.Colo. 2007)*; Fyfe v. Baker*, 2007 WL 1866882 (D.Vt. 2007). Further, "[t]o the extent that there is a disadvantage created by the expert's failure to disclose it must be borne by the party retaining the expert witness." *Nguyen*, 162 F.R.D. at 681.

Exclusion of an expert's testimony under Rule 37(c)(1) does not require a showing a bad faith or willfulness. Rule 37(c)(1) is a "self executing, automatic sanction to provide a strong inducement for disclosure of material." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) (citing Fed.R.Civ.P. 37 Advisory Committee Note (1993)); *Hoffman v. Construction Protective Services, Inc.,* 541 F.3d 1175, 1180 (9th Cir. 2008).

Ms. Roughan's Nov. 30, 2011 testimony is clear: she *cannot* comply with the federal rules. That is what distinguishes this case from a case where an expert is given another chance to supplement his or her case list. Plaintiffs should have known this from the outset, and at least since the first Roughan deposition on September 16, 2011. In the Joint Stipulation, they argued that CMI's motion to strike Ms. Roughan was premature, and that CMI should have first asked this Court to order her to provide a complete case list. "If the information is still not forthcoming, the expert's testimony may then be excluded at trial on a motion hearing" Jnt. Stip., pg. 5, lns. 21-22. That motion, alluded to by plaintiffs themselves, has met its hour. It is impossible for Ms. Roughan to comply with FRCP 26, even in response to a court order. For this reason, she should be stricken.

### B. Plaintiffs Failed To Provide Any Meaningful Authority in Opposition to CMI's Motion to Strike Jan Roughan

In their portion of the Joint Stipulation, plaintiffs' cited only two cases which would supposedly give this Court reason not to grant CMI's motion. But one of these cases, *Harvey v. District of Columbia*, 949 F.Supp. 874, 877 (D. D.C.

5

LR 37-2.3 SUPPLEMENTAL MEMORANDUM RE CMI'S RULE 37 MTN TO STRIKE EXPERT JAN ROUGHAN

1995)—cited on pg. 13, ln. 24 of the Jnt. Stip., is irrelevant. The court in *Harvey* did not strike an expert for an insufficient expert report, because it found that the moving party had waited until the penultimate day of discovery to bring the defective report to the attention of the designating party. *Id*. However, in this case, plaintiffs argue that CMI addressed Ms. Roughan's failures too *early*. Jnt. Stip., pg. 16, ln.1 ("At a minimum, the Defendant should have waited until the November 15th deadline, and at that time determined if a motion* * * was warranted or not").

The other case cited, *Smith v. Union Pac. R.R. Co*., 168 F.R.D. 626, 629 (N.D. Ill. 1996), wholly supports CMI's motion. That case also involved a motion *in limine* to strike an expert for an insufficient disclosure of opinion testimony. The designating party, Rhone-Poulenc, argued in opposition to the motion to strike that it had offered to make the expert available at deposition. The court excoriated Rhone-Poulenc and *granted* the motion to strike its expert:

> [Rhone–Poulenc] somehow seeks to fault [plaintiff]—apparently for his not having acted to temper or to avoid the consequences of Rhone–Poulenc's own violations.
> That is an extraordinary distortion of the major purpose of the obligations that the operative rules impose on Rhone–Poulenc in connection with its proposed expert testimony. Nor does it explain on what premise Rhone–Poulenc's failure might be characterized as "harmless" so as to render inapplicable the directive of Rule 37(c)(1). Accordingly [plaintiff's] motion *in limine* for the barring of [expert] Dr. Grear's testimony is granted in accordance with Rule 37(c)(1).

*Smith*, 168 F.R.D. at 629.

**C. This Court Should Order Plaintiffs to Pay CMI's Attorney's Fees Incurred As a Result of This Motion.**

From the outset, plaintiffs should have known that Ms. Roughan should never have been designated in this case. *Cf*. *Norris*, 2003 WL 21488640, at * 5 (stating that attorneys should know better than to retain non-complying experts). CMI has repeatedly demonstrated to plaintiffs that Ms. Roughan was not in compliance with FRCP 26, and as Ms. Roughan's testimony shows, there was no

possibility that she could ever be in compliance. Yet plaintiffs oppose CMI's motion without any justification for doing so.

At the time that the Joint Stipulation was served on plaintiffs' counsel, CMI had incurred $7,875 in attorney's fees. *See Decl. of Anntim Vulchev*, pg. 8, ¶ 23. Since that time, CMI has incurred additional fees in continuing to respond to Ms. Roughan's incomplete case list, bringing the total of fees incurred to $10,500, which does not include the time that will be spent preparing for and attending the hearing on this matter. *Skinner Decl.*, pg. 3, ¶ 9.

### IV. CONCLUSION

The Court should grant this motion and strike plaintiffs' expert Jan Roughan. The Court should also award CMI all attorney's fees incurred as a result of this motion.

Dated: November 30, 2011

DEFOREST KOSCELNIK YOKITIS SKINNER & BERARDINELLI

By: _____
Will S. Skinner

Attorneys for Defendant
CONTINENTAL MOTORS, INC.
(f/k/a Teledyne Continental Motors, Inc.)

# PROOF OF SERVICE BY ELECTRONIC MAIL

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is **6303 Owensmouth Avenue, 10th Floor, Woodland Hills, CA  91367**.

On November 30, I served the **LOCAL RULE 37-2.3 SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANT CMI'S FED. R. CIV. P. 37 MOTION TO STRIKE PLAINTIFFS' EXPERT JAN ROUGHAN FOR FAILING TO DISCLOSE PRIOR TESTIMONY AS REQUIRED BY FED. R. CIV. P. 26(a)(2)(B)(v)** on the interested parties in this action by transmitting a true copy of said document by electronic mail (vulchev@deforestlawfirm.com) as follows:

*SEE ATTACHED SERVICE LIST.*

I am readily familiar with the business practice of my place of employment's practice for transmission by electronic mailing.  Under that practice it would be electronically mailed on that same day in the ordinary course of business.

☐ **(STATE)**    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **(FEDERAL)**    I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 30, 2011, at Woodland Hills, California.

_____
Anntim J. Vulchev


Case 2:10-cv-03345-JCG   Document 64   Filed 11/30/11   Page 9 of 9   Page ID #:988

# SERVICE LIST

*Higley v. Cessna Aircraft Company, et al. (Case No. CV10-3345 GHK (FMOx))*

| | |
|---|---|
| David W. Berglund<br>Daniel W. Johnson<br>LAW OFFICES OF<br>BERGLUND & JOHNSON<br>*Telephone*: (818) 992-1500<br>*Facsimile:* (323) 873-2363<br>*Email:* dberglund@bjslawfirm.com<br>djohnson@bjslawfirm.com | Attorneys for Plaintiff:<br><br>**KRIS ELLIOT HIGLEY**<br>**MOLLY LAUREN HIGLEY** |